OPINION
Plaintiff-appellant, the State of Ohio, appeals the decision of the Warren County Court of Common Pleas granting a motion to suppress evidence.
According to the brief facts available to this court, defendants-appellees, James Morse and Clara Morse, were charged with three drug offenses stemming from evidence seized pursuant to a search warrant executed on appellees' property.
The search warrant was obtained to search appellees' house, outbuildings and curtilege after police officers observed materials for the manufacture of methamphetamine in appellees' detached garage.
Appellees filed a motion to suppress the evidence seized in the residence, arguing that the seizure from the residence was illegal because the search warrant affidavit only described the materials of alleged criminality located in the detached garage. The trial court held a hearing where no testimony was taken and only the search warrant and affidavit were admitted into evidence.
The trial court granted the motion and excluded evidence seized under the search warrant only as it pertained to the indictments for aggravated possession of drugs. Appellant appeals the trial court's ruling granting the motion to suppress. We reverse the decision of the trial court for the reasons outlined below.
Appellant presents the following assignment of error:
 "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, IN SUPPRESSING ALL EVIDENCE SEIZED BY LAW ENFORCEMENT OFFICERS AS A RESULT OF THE SEARCH WARRANT ISSUED IN THIS CASE."
The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution state that no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person or things to be seized.
An issuing judge or magistrate may issue a search warrant only upon a finding that probable cause for the search exists. State v. George
(1989), 45 Ohio St.3d 325. The task of the issuing judge or magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id., paragraph one of syllabus; Illinois v. Gates
(1983), 462 U.S. 213, 103 S.Ct. 2317.
Neither a trial court nor an appellate court may substitute its judgment for that of the issuing judge or magistrate when reviewing the sufficiency of probable cause in an affidavit. George at paragraph two of syllabus. The duty of a reviewing court is simply to ensure that the judge or magistrate had a substantial basis for concluding that probable cause existed. Id.
According to the affidavit for the search warrant, a known methamphetamine manufacturer was living with appellees in their residence and was keeping some of his belongings in the detached garage. As noted previously, police had observed evidence of the manufacture of methamphetamine in the detached garage.
The judge who issued the search warrant determined that there was a fair probability that contraband or evidence would be found in the residence, thereby permitting a search. Reviewing courts must grant great deference to the judge or magistrate's determination of probable cause. Illinois v. Gates at 235; State v. George (marijuana found growing in rear yard raises reasonable inference that within the house will be found instruments for its cultivation and preparation); see, also, U.S. v. Miller (C.A.9, 1985), 753 F.2d 1475 (odors of methamphetamine near garage sufficient to search entire 41.3 acres of premises under defendant's exclusive control).
Based upon the totality of the circumstances, we agree with the issuing judge that the officer provided probable cause for a search of the residence, outbuildings and curtilege.
This court, sua sponte, raised the issue of the impact of the lack of certain "command" language in the search warrant itself. The parties provided supplemental briefs on the issue and do not dispute that certain language is not present in the search warrant. Appellant argues that the good faith exception to an invalid warrant as held in U.S. v. Leon
(1984), 468 U.S. 897, 104 S.Ct. 3405, saves the evidence from exclusion.
Crim.R. 41(C) states that the search warrant shall be directed to a law enforcement officer, command the officer to search within three days the person or place specified, and shall designate to whom it shall be returned. See, also, R.C. 2933.24, R.C. 2933.25. The search warrant at issue does not include the word "command" and provides no command to search within three days. No party asserts that the search warrant was not timely executed.
A search warrant must be sufficiently definite so that the officer executing it can identify the property to be seized with reasonable certainty. State v. Jefferson (Aug. 6, 1999), Montgomery App. No. 17695.
The search warrant in this case is directed to a law enforcement officer, describes the places where items can be found, lists and describes the items being concealed, and instructs the law enforcement officer to bring those items found in such search to the judge.
An officer armed with the instant search warrant could ascertain where and for which items he or she was authorized to search. We find that the omissions made in the search warrant did not render the warrant invalid.
We further find that the good faith exception to the exclusionary rule applies to the language omitted from the search warrant.
We begin by noting that the exclusionary rule will not ordinarily be applied to evidence that is the product of police conduct violative of state law, but not violative of constitutional rights, absent a legislative mandate requiring application of the exclusionary rule.State v. Myers (1971), 26 Ohio St.2d 190, 196.
Violations of Crim.R. 41 that do not rise to a constitutional error are classified as nonfundamental and require suppression only where the search might not have occurred or would not have been as abrasive if the rule had been followed or where there is evidence of intentional and deliberate disregard of the provision in the rule. State v. Wilmoth
(1986), 22 Ohio St.3d 251, 263 (affiant's failure to submit written affidavit was not constitutional violation).
The search warrant at issue followed the mandates of theFourth Amendment. The omissions in the search warrant under Crim.R. 41 were nonfundamental. There was no evidence that a search warrant would not have issued without the rule violation and no evidence of bad faith on the part of law enforcement. See State v. Downs (1977), 51 Ohio St.2d 47,63-64, vacated on death penalty grounds in 438 U.S. 909, 98 S.Ct. 3133
(search warrant not timely returned in violation of Crim.R. 41 was a nonconstitutional error in magnitude and evidence not excluded); Statev. Sanders (May 20, 2002), Mahoning County No. 01-C.A. 14 (failure of search warrant to command that a search be completed within three days and the failure to return warrant within time constraints was a nonconstitutional violation not warranting exclusion).
We further note that the exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable good faith reliance on a search warrant issued by a detached and neutral magistrate, but ultimately found to be invalid. State v.Wilmoth, following U.S. v. Leon (1984), 468 U.S. 897, 104 S.Ct. 3405.
Since the purpose of the exclusionary rule is to deter unlawful police conduct, evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment. U.S. v. Leon at 919. The exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges. Wilmoth at 266. We conclude that the exclusionary rule should not be applied to the evidence in the instant case.
The police in the case sub judice presented sufficient probable cause in their affidavit to obtain a search warrant to search appellees' residence, outbuildings and curtilege. The search warrant described the location to be searched and the items to be returned to the judge. There is no evidence that the police officers were acting with any purpose other than a good faith belief that the search warrant was valid.
We sustain appellant's assignment of error and find that the trial court erred in granting appellees' motion to suppress the evidence. The trial court's decision is reversed and this case is remanded to the trial court for proceedings consistent with this opinion.
POWELL, J., concurs.
WALSH, P.J., dissents without written opinion.